UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

"Q"-LUNGIAN ENTERPRISES, INC., *et al.*,
    *Plaintiffs*,

v.

TOWN OF WINDSOR LOCKS, *et al.*
    *Defendants*.

No. 3:13-cv-01285 (JAM)

**ORDER DENYING MOTION TO AMEND JUDGMENT**

    Plaintiffs filed this federal lawsuit alleging in principal part that defendants violated their First Amendment rights by denying their zoning applications to allow for topless dancing entertainment at their pool hall and restaurant. On September 18, 2017, I ruled on the parties' cross-motions for summary judgment (Doc. #83), concluding that plaintiffs had failed to raise a genuine issue of fact to support their claims of a violation of the First Amendment. I otherwise declined to exercise supplemental jurisdiction over plaintiffs' remaining state law claim involving an administrative appeal pursuant to Conn. Gen. Stat. § 8-8 from the defendants' denial of their land use applications. *See* Doc. #1 at 17-23 (alleging multiple state law grounds for administrative appeal). Plaintiffs have now filed a motion to alter or amend my judgment pursuant to Federal Rule of Civil Procedure 59(e) on grounds that I erred when declining to exercise supplemental jurisdiction over their state law administrative appeal claim.

    A federal district court may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy" as other claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a). As the Second Circuit has made clear, "[a] court 'may decline to exercise supplemental jurisdiction,' however, if, among other factors, 'the claim raises a novel or complex issue of State law,' or 'the district court has dismissed all claims over which it has

1

original jurisdiction.'" *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014) (quoting § 1367(c)). "Courts must consider 'the values of judicial economy, convenience, fairness, and comity' when deciding whether to exercise supplemental jurisdiction." *Ibid.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

Indeed, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Thus, even in cases where the litigation has advanced all the way through summary judgment, a district court retains discretion to decline to entertain the state law claims if it dismisses the federal law claims. *See, e.g., Perez-Dickson v. Bridgeport Bd. of Educ.*, 2017 WL 362771, at *3 (2d Cir. 2017) (affirming district court's discretionary decision not to exercise supplemental jurisdiction over state law claims after dismissing federal law claims at summary judgment).

Plaintiffs are correct that my summary judgment ruling erred when stating that the parties had not adequately briefed the issues for a state law administrative appeal. Nevertheless, I have considered all of the relevant factors and remain of the view that I should not exercise my discretionary supplemental jurisdiction over plaintiffs' state law administrative zoning appeal. The remaining issues at stake are quintessentially local in nature, and it is a rare occasion for a federal court to accept an invitation to sit as a local zoning court of appeal.* There is little about

---

* *See, e.g., Mountain States Media, LLC v. Adams Cty., Colo.*, 389 F. App'x 829, 838 (10th Cir. 2010) (reversing district court's exercise of supplemental jurisdiction over state law claim involving request for "the federal courts to interpret a local zoning ordinance in the first instance," because this "is precisely the type of claim over which supplemental jurisdiction should not be exercised," as "[z]oning law is a uniquely local concern with which federal courts should be reluctant to interfere") (internal quotation marks omitted); *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 101 F.3d 702 (6th Cir. 1996) (affirming district court's decision to decline supplemental jurisdiction over local land use appeal, noting that "[w]hile concerns for efficiency and convenience may weigh in favor of exercising jurisdiction, the fact that zoning regulations are of primarily local concern in which the principles of federalism are particularly strong, weighs in favor of declining jurisdiction," and that "[t]he federal courts are ill-

my consideration of plaintiffs' First Amendment claims that would overlap or assist me in mastering the complicated state and local law issues that would be necessary for me to resolve plaintiffs' zoning appeal claim.

Nor am I persuaded by plaintiffs' claim of unfair prejudice or surprise. Several months after this case was transferred to my docket, I convened a teleconference of the parties on August 4, 2014, for the primary purpose of advising plaintiffs' counsel that it was unlikely that I would exercise my discretion over their administrative appeal in the event that I rejected plaintiffs' federal constitutional claims on summary judgment. My notes from that on-the-record teleconference reflect that I told plaintiffs' counsel that I did not want to raise "false hope" that I necessarily plan to resolve the administrative appeal and that I would have a particular concern about my doing that in light of the lack of expertise that I have in that area with respect to the state administrative legal principles. I told counsel that I wanted them to be aware of my concern at the outset so that they would not assume that I was going to address the state law claims as a matter of course. Counsel may order a transcript of this teleconference from the Court reporter. *See also* Doc. #43 (additional docket entry stating that "[t]he Court also made clear that it would not necessarily resolve the state law administrative appeal presented in Count 4, but would consider whether to exercise supplemental jurisdiction over that claim only after evaluating the federal claims").

---

suited to reviewing the decisions of local zoning boards and their particularly local concerns, especially in a case such as this one where the state claims far outweigh the federal claim"); *Petroplex Int'l v. St. James Par.*, 158 F. Supp. 3d 537, 544 & n.40 (E.D. La. 2016) (declining supplemental jurisdiction over local land use claims, because "matters such as land use are of local concern and are best left to the province of the states to decide," such that federal "courts have routinely declined to exercise supplemental jurisdiction in similar circumstances"; collecting cases).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to alter or amend the judgment (Doc. #85) is DENIED.

It is so ordered.

Dated at New Haven this 5th day of January 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge